**GLOBAL NAPS, INC., Petitioner,**

v.

**FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents,**

**Verizon Telephone Companies, et. al., Intervenors.**

No. 02–1202.

United States Court of Appeals, District of Columbia Circuit.

Oct. 28, 2003.

Christopher William Savage, Cole, Raywid & Braverman, Washington, DC, for Petitioner.

John A. Rogovin, John Edward Ingle, Deputy Associate General Counsel, Richard Kiser Welch, Counsel, and Lisa Elster Boehley, Federal Communications Commission (FCC), Robert B. Nicholson, Attorney, and Robert J. Wiggers, Attorney, U.S. Department of Justice (DOJ) Antitrust Division, Washington, DC, for Respondents.

Before EDWARDS and GARLAND, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

## *JUDGMENT*

PER CURIAM.

This cause was considered on a petition for review of an order of the Federal Communications Commission and was briefed and argued by counsel. It is

ORDERED AND ADJUDGED that the petition for review of the order of the Federal Communications Commission is hereby denied.

We deny the petition solely on the FCC's rationale that petitioner's tariff was indeterminate in violation of 47 C.F.R. § 61.2(a). This case is governed by *Global NAPs, Inc. v. FCC*, 247 F.3d 252 (D.C.Cir. 2001) (*"Global NAPs I"*), which upheld the Commission's invalidation of Global NAPs' first tariff for connecting internet-bound calls. *Global NAPs I* held that the tariff was invalid if "a party could not reasonably ascertain the 'proper application' of the tariff at the time it was filed." *Id.* at 258 (quoting 47 C.F.R. § 61.2(a)). Assuming that a tariff could be filed, the Commission correctly determined that Global NAPs' second tariff was unlawfully indeterminate because "a carrier cannot discern from the face of the Tariff whether it has incurred any charges thereunder." *In the Matter of Bell Atlantic–Delaware, Inc.*, 15 F.C.C.R. 20,665, at 20,674, 2000 WL 1593346 (2000).

There was much discussion in the parties' briefs and at oral argument about whether the parties mutually understood that compensation for internet-bound traffic would be governed exclusively by the provisions of interconnection agreements undertaken pursuant to 47 U.S.C. § 251(b)(5). We say nothing about that issue. Agency counsel stated at oral argument that the scope of § 251(b)(5) with regard to internet-bound traffic is currently the subject of proposed rulemaking. *See* Intercarrier Compensation; Reciprocal Compensation, Notice of Proposed Rulemaking, 66 Fed.Reg. 28,410 (May 23, 2001).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.